**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-00184-RMR

YAINIER ARANDA GARCIA,

      Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States,
KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; and
JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility,

      Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Respondents filed a Response to Petition, ECF No. 7, and Petitioner filed a Reply, ECF No. 8. The Court has reviewed the Petition, the related briefing, and the applicable case law. As the briefing demonstrates, Petitioner's challenge is fundamentally legal in nature, and, for the reasons outlined below, the Court **GRANTS** the relief requested.

## I.      BACKGROUND

Petitioner is a 30-year-old citizen of Cuba. ECF No. 1 ¶ 31. His father, brother, and three-year-old daughter are United States citizens. *Id* ¶ 63. Petitioner entered the United

States on July 27, 2021. *Id.* ¶ 56. On August 2, 2021, he was issued a Warrant for Arrest of Alien and a Notice to Appear ("NTA"), charging him as an alien present in the United States who has not been admitted or paroled. *Id.* ¶¶ 57-58. On August 3, 2021, Petitioner was released from ICE custody and issued an Order of Release on Recognizance. *Id.* ¶ 59. He was then placed on the alternatives to detention Intensive Supervision Appearance Program ("ISAP") with which he complied. *Id.*

Petitioner's NTA was filed with the immigration court on September 7, 2021, which initiated Petitioner's removal proceedings. *Id.* ¶ 58. He applied for asylum, withholding of removal, and CAT protections, as well as Adjustment of Status under the Cuban Adjustment Act, on the basis of his fear of returning to his native country. *Id.* ¶¶ 60, 63. These applications remain pending. *Id.*

On November 13, 2025, Petitioner was unexpectedly detained while working in the Florida keys despite his consistent compliance, absence of violations, and demonstrated stability. *Id.* ¶ 61. Petitioner previously filed a petition for a writ of habeas corpus with the United States District Court for the Middle District of Florida. ECF No. 7 at 3. The Florida court denied his petition, finding he was lawfully detained pursuant to § 1225(b)(2)(A). *Id.* at 4. He is currently detained at the Denver Contract Detention Facility under 8 U.S.C. § 1225(b). ECF No.1 ¶ 64; ECF No. 7 at 3.

## II.    LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241

2

"remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### III.    ANALYSIS

Petitioner asserts constitutional and statutory causes of action, including (1) violation of Fifth Amendment right to procedural due process – unlawful revocation of parole; (2) violation of Fifth Amendment right to substantive due process; (3) violation of Administrative Procedure Act ("APA"); and (4) violation of the Immigration and Nationality Act ("INA"). ECF No. 1 at 16-25. He requests release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 25.

This request for relief, and the legal claims and arguments upon which it is premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests the Court "[i]ssue a Writ of Habeas Corpus requiring that Respondents release Petitioner'" or in the alternative, "provide a bond hearing consistent with 8 U.S.C. § 1226(a) within

seven days." *Id.* Respondents contend that (1) the petition in this case is barred; (2) even if the petition was not barred, Petitioner's release in 2021 was not via Order of Release on Recognizance ("OREC") but a grant of discretionary parole pursuant to 8 U.S.C. § 1182(d)(5)(A); (3) the Court lacks jurisdiction to consider Petitioner's APA claim; and (4) Petitioner is not entitled to relief as a member of the class in *Bautista*. *See Bautista v. Santacruz*, -- F. Supp. 3d. --, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025)*.* The Court addresses each of Respondent's arguments below.

### A.  The District of Colorado Petition is not barred

Respondents claim that the instant petition is barred because (1) Petitioner did not raise certain arguments in his Florida habeas case and (2) Petitioner's *Bautista* claim is successive. ECF No. 7 at 6-9. Neither argument persuades the Court.

Respondents have previously stated "any challenge to Petitioner's new detention must be brought as a new habeas action in the district of confinement." *I.F.M. v .Baltazar et al.*, Case No. 1:25-cv-03475-RMR, ECF No. 33 at 2. In *I.F.M.*, the petitioner was initially detained in Colorado, released, and then re-detained in Texas. *Id.* at 2-3. The petitioner filed emergency motions to enforce the Court's prior and for injunctive relief, and the Court ordered the parties to brief the issue of whether it had jurisdiction to grant such relief. *Id.* at 3-4. Respondents argued that "[a]ny habeas claim challenging the new basis for Petitioner's detention and seeking new relief would need to be filed in a new habeas petition where Petitioner is in custody." *Id.* at 7. The Court agreed with Respondents, finding "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *I.F.M. v .Baltazar et al.*, Case No.

4

1:25-cv-03475-RMR, ECF No. 35 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Thus, the Court determined it did not have jurisdiction to weigh the merits of the petitioner's emergency motion. *Id.*

Here, Respondents seem to argue the exact opposite. Petitioner filed a prior habeas petition in Florida and was denied relief. That Florida habeas case was fully resolved. Now, Petitioner has filed a new, separate habeas petition in the district of his confinement—the appropriate district under *Rumsfeld*. As this Court has determined, Petitioner is entitled to file a new habeas petition in the appropriate jurisdiction. In this petition, Petitioner brings different claims and raises different injuries. In fact, Respondents base their reasoning on the fact that Petitioner did not raise these arguments in his Florida case. ECF No. 7 at 6-7. Respondents perplexingly argue that Petitioner cannot bring a "successive petition" without the same arguments. Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus. . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." However, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). In other words, if Petitioner were to bring the same claims in a successive petition as Respondents suggest, those claims would be dismissed.

Ultimately, Respondents' argument fails because Petitioner has filed a separate petition, in a separate court, challenging a separate legal injury: "whether DHS lawfully

terminated the parole or release that resulted in Petitioner's release in 2021 before re-detaining him in 2025." ECF No. 8 at 2. Even if the Court dismissed the *Bautista* claim, it may consider Petitioner's new claims. Thus, the Court finds that the Petition in this case is not barred.

### B. Petitioner is subject to discretionary detention under § 1226(a)

Respondents contend that Petitioner's release in 2021 was a grant of discretionary parole pursuant to 8 U.S.C. § 1182(d)(5)(A) based on the court's finding in the Florida habeas case. ECF No. 7 at 9. As explained above, this Petition initiates a new habeas case, and the Court will review it as such. Under this Court's analysis, the relevant documentation clearly proves Petitioner was released on his own recognizance pursuant to 8 U.S.C. § 1226 and DHS violated the terms of that release when Petitioner was detained in 2025.

Petitioner was granted Order of Release on Recognizance ("OREC"), explicitly stating he was released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act" ("INA"). ECF No. 1-6 at 2. Section 236 of the INA is codified as 8 U.S.C. § 1226. Thus, Petitioner was released in accordance with § 1226 and is subject to § 1226 detention. This alone is sufficient for the Court to reject Respondents' argument that Petitioner's release was pursuant to 8 U.S.C. § 1182(d)(5)(A). However, the Court also notes Judge Sweeney's reasoning in a similar case that "[o]ther courts considering habeas petitions against substantially similar backgrounds have concluded that paroled petitioners who go on to live in the United States have been released on their own recognizance, and therefore that § 1226, rather

6

than § 1225, applies." *Buitrago Murzi v. Noem, et al*, No. 26-cv-00359-CNS, ECF No. 14 at 2-3. Here, Petitioner's release on his own recognizance is also enough to establish that § 1226 applies.

### C.  Due Process violations compel Petitioner's release

DHS regulations explicitly provide that "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1). Petitioner was arrested and detained in November 2025, but neither party has provided the Court with evidence of an I-200 or any other documentation served to Petitioner. Thus, DHS failed to follow its own regulations in the arrest and detention of Petitioner. "At bottom, because ICE violated its own regulations when it detained Petitioner without notifying him of the reasons why he was being detained, Petitioner is entitled to habeas relief." *Sanchez v. Bondi*, No. 1:25-CV-02287-CNS, 2025 WL 3484756, at *2 (D. Colo. Dec. 4, 2025) (quoting *Roble v. Bondi*, Case No. 25–cv–3196 (LMP/LIB), —— F. Supp. 3d ——, 2025 WL 2443453, at *3 (D. Minn. Aug. 25, 2025)). Additionally, because Petitioner is improperly detained under § 1225, the Court agrees with Petitioner that he is entitled to immediate release, *see generally Mendoza Gutierrez*, 2025 WL 2962908, at *14.

### D.  Petitioner's Remaining Claims

Respondents argue the Court lacks jurisdiction to consider Petitioner's APA claim, because Respondents purportedly terminated his *de facto* parole and the relief he seeks is the same for other claims. ECF No. 7 at 11. The Court agrees that Petitioner's

requested relief is the same and has been granted under his first two claims. Thus, the Court need not consider his APA claim.

Respondents also contend Petitioner is not entitled to relief under *Bautista*, because he was apprehended on arrival in the United States and, thus, not a member of the *Bautista* class. ECF No. 7 at 11-12. Again, whether or not Petitioner is entitled to relief under *Bautista* specifically is not relevant given the Court's ruling on Petitioner's other claims.

### IV.    CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents are ORDERED to release Petitioner from federal detention **by close of business Monday, March 30, 2026** under the conditions of his Order of Release on Own Recognizance and may not impose any additional conditions of release or supervision not previously imposed by DHS in connection with Petitioner's Order of Release on Own Recognizance;

3. Respondents shall file a status report **by close of business Tuesday, March 31, 2026** to certify compliance; and

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-

deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED: March 26, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge